■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHY OLIVA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Clabby, J.), both rendered January 18, 1985, convicting her of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), and criminal sale of a controlled substance in the third degree under indictment No. 2236/83, and criminal sale of a controlled substance in the first degree (two counts) under indictment No. 2237/83, after a nonjury trial, and imposing sentences.

Ordered that the judgments are affirmed.

Our review of the evidence supports the conclusion that the defendant was not a mere extension of the buyer *(see, People v Argibay,* 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930) but, in fact, was a seller of the narcotics involved *(see, People v Lam Lek Chong,* 45 NY2d 64, 75, *cert denied* 439 US 935). Furthermore, the court did not err in admitting evidence of prior drug transactions between the defendant and the buyer, an undercover officer, as this testimony was relevant to determine whether or not the defendant, as contended by him, was the buyer's agent *(see, People v Lam Lek Chong,* 45 NY2d 64, 75, *supra).* Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.